UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIAM GRANT,

Defendant-Appellant.

No. 23-2525

D.C. No.
1:22-CR-00069-LEK-1

ORDER

Before: MURGUIA, Chief Judge, and GRABER and MENDOZA, Circuit Judges.

The memorandum disposition filed on October 24, 2024, is hereby amended as follows. Footnote 1 on page 2 is deleted in its entirety and replaced with the following:

On October 2, 2024, Grant filed a Motion for Miscellaneous Relief, asserting that the 23.8 grams figure may have improperly included the weight of the patch. Dkt. 29. Grant did not raise this argument in his opening brief and mentions it in his reply brief only in passing, seemingly misconstruing the Government's position. As he urges in his reply brief, his "primary argument on appeal is that the district court erred in determining his guideline range, by ignoring the dosage amount on the . . . fentanyl patches[.]" Because Grant failed to challenge the inclusion of patch weight in his opening brief, the issue is not properly before us, and we decline to consider it. *United States v. Briones*, 35 F.4th 1150, 1157 (9th Cir. 2022); *United States v. Salman*, 792 F.3d 1087, 1090 (9th Cir. 2015). And Grant fails to establish, or even argue, that any of the exceptions to this rule apply. *See Salman*, 792 F.3d at 1090. Therefore, we address only the argument that Grant presents: that the district court erred by sentencing him for a drug quantity in excess of the dosage amount listed on the fentanyl patches he sold. We do not reach the questions of whether inclusion of patch weight occurred and, if so, whether inclusion is proper.

The amended memorandum disposition will be filed concurrently with this order.

The panel has unanimously voted to deny the petition for panel rehearing. Chief Judge Murguia and Judge Mendoza vote to deny rehearing en banc, and Judge Graber so recommends. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc.

The petition for panel rehearing and rehearing en banc (Dkt. 33) is DENIED. *See* Fed. R. App. P. 40.

No further petitions for rehearing or rehearing en banc will be considered.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   23-2525 |
| Plaintiff-Appellee, | D.C. NO. 1:22-CR-00069-LEK-1 |
| v. | |
| WILLIAM GRANT, | AMENDED MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted October 9, 2024
Honolulu, Hawaii

Before: MURGUIA, Chief Judge, and GRABER and MENDOZA, Circuit Judges.

Defendant William Grant pleaded guilty to distributing fentanyl contained in ten transdermal patches, being a felon in possession of a firearm, and being a felon in possession of ammunition.  He timely appeals his 72-month sentence.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. We review de novo a district court's interpretation of the Sentencing Guidelines. *United States v. Campbell*, 937 F.3d 1254, 1256 (9th Cir. 2019). We review factual findings made during sentencing, including a determination of the quantity of drugs involved in an offense, for clear error. *United States v. Gadson*, 763 F.3d 1189, 1219 (9th Cir. 2014); *see also United States v. Gonzalez*, 528 F.3d 1207, 1214 (9th Cir. 2008).

Grant argues that only the dosage amount stated on the packaging can be used to determine the weight of the fentanyl—that is, 0.1 grams—whereas the court adopted the DEA's calculation and the presentencing recommendation of 23.8 grams.[1] Note A to the Drug Quantity Table explains that, "[u]nless otherwise specified, the weight of a controlled substance set forth in the table refers to the

---

[1] On October 2, 2024, Grant filed a Motion for Miscellaneous Relief, asserting that the 23.8 grams figure may have improperly included the weight of the patch. Dkt. 29. Grant did not raise this argument in his opening brief and mentions it in his reply brief only in passing, seemingly misconstruing the Government's position. As he urges in his reply brief, his "primary argument on appeal is that the district court erred in determining his guideline range, by ignoring the dosage amount on the . . . fentanyl patches[.]" Because Grant failed to challenge the inclusion of patch weight in his opening brief, the issue is not properly before us, and we decline to consider it. *United States v. Briones*, 35 F.4th 1150, 1157 (9th Cir. 2022); *United States v. Salman*, 792 F.3d 1087, 1090 (9th Cir. 2015). And Grant fails to establish, or even argue, that any of the exceptions to this rule apply. *See Salman*, 792 F.3d at 1090. Therefore, we address only the argument that Grant presents: that the district court erred by sentencing him for a drug quantity in excess of the dosage amount listed on the fentanyl patches he sold. We do not reach the questions of whether inclusion of patch weight occurred and, if so, whether inclusion is proper.

entire weight of any mixture or substance containing a detectable amount of the controlled substance." U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 2D1.1(c) (Notes to Drug Quantity Table (A)). Because fentanyl is not "otherwise specified," this approach controls.

Grant argues that the court should have applied Amendment 488, which states that, "[i]n the case of LSD on a carrier medium (e.g., a sheet of blotter paper), do not use the weight of the LSD/carrier medium. Instead, treat each dose of LSD on the carrier medium as equal to 0.4 milligrams of LSD for the purposes of the Drug Quantity Table." U.S.S.G. § 2D1.1(c) (Notes to Drug Quantity Table (G)). But that provision applies only to LSD, not to fentanyl. *See United States v. Smith*, 499 U.S. 160, 167 (1991) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." (quoting *Andrus v. Glover Constr. Co.*, 446 U.S. 608, 616–17 (1980))). Nor does Application Note 9 to Sentencing Guidelines § 2D1.1 apply, because the weight of the controlled substance is known.

2. We review a district court's application of the Sentencing Guidelines for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1169–70 (9th Cir. 2017) (en banc).

3

In 2023, the Sentencing Commission proposed an amendment providing that a defendant with Grant's criminal history would receive one criminal history point, instead of two, for committing new crimes while on probation. U.S.S.G. § 4A1.1 (2023). Grant moved to continue his sentencing until after the amendment's proposed effective date. The district court declined to continue the sentencing even though it had continued the sentencings of other defendants. The court noted several distinguishing characteristics, including the nature and circumstances of the offense, Grant's role in the offense, his offer to sell an operable firearm with the fentanyl, the 1546 rounds of ammunition found, and Grant's prior convictions and arrests. In view of those factors, the district court did not abuse its discretion in declining to continue Grant's sentencing until after the proposed effective date of the amendment, or in declining to apply the proposed amendment.

3. We typically review procedural errors raised for the first time on appeal for plain error. *United States v. Burgum*, 633 F.3d 810, 812 (9th Cir. 2011). But when a defendant advocates for a shorter sentence, "thereby arguing, in effect, that this shorter sentence would have proved 'sufficient,'" "the defendant [has] properly preserved the claim" that the sentence was unreasonable. *Holguin-Hernandez v. United States*, 589 U.S. 169, 175 (2020). We conclude that Grant preserved this claim. In this situation, we review the sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

4

The district court based its upward variance on several aggravating factors: "the serious harm to our community caused by [Grant's offense]"; Grant's history and characteristics; the context of the direct sale of fentanyl, including the simultaneous sale and possession of a dangerous weapon and the presence of ammunition; and Grant's criminal history. Grant argues that the district court erred by considering the first factor. We disagree.

"At sentencing[,] judges may consider a wide variety of information that could not be considered at trial." *United States v. Messer*, 785 F.2d 832, 834 (9th Cir. 1986). The disputed information on which the district court relied here, that fentanyl causes harm to the community, was neither "false or unreliable," *id.*, and the district court properly considered this factor, *see* 18 U.S.C. § 3553(a)(2)(A) (providing that the sentencing court shall consider "the need for the sentence imposed . . . to reflect the seriousness of the offense"). And the court did not abuse its discretion by considering the other aggravating factors under § 3553(a)(2)(A). *See also* 18 U.S.C. § 3661 (providing that a sentencing court may receive and consider all "information concerning the background, character, and conduct" of the defendant "for the purpose of imposing an appropriate sentence").

**AFFIRMED.**

5